UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ALLEN SUSKE KINNEY,

    Plaintiff,

    v.

STATE OF WASHINGTON, WASHINGTON DEPARTMENT OF CORRECTIONS,

    Defendants.

CASE NO. C15-5354 BHS-KLS

ORDER TO SHOW CAUSE OR TO AMEND

Plaintiff James Allen Suske Kinney filed this civil rights complaint under 42 U.S.C. § 1983 *pro se* and *in forma pauperis.* Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915(e), the Court declines to serve the complaint but provides Plaintiff leave to file an amended pleading by **July 1, 2015,** to cure the deficiencies identified herein.

**DISCUSSION**

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right

allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy this second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff, who is currently incarcerated at Airway Heights Corrections Center (AHCC), brings this § 1983 action against the State of Washington and the Washington Department of Corrections alleging:

> DOC tried to destroy evidence. Twice my evidence has never gotten to the court. DOC will destroy remaining evidence they know what I had and are continually searching for the items that will convict them. Grievance document have mostly been confiscated. I am branded a whistle blower and I under constant harassment and my family is under constant threat from Elements of DOC.

Dkt. 5. Plaintiff's complaint suffers from deficiencies that, if not corrected in an amended complaint, require dismissal.

**A.     Proper Parties**

Plaintiff has not sued the proper parties. Plaintiff must set forth facts describing when, where and how individually named defendants deprived him of a constitutional right. Plaintiff must allege with specificity the names of the *individual* persons who caused or personally participated in causing the alleged deprivation of his constitutional rights and what they have done or failed to do that resulted in the deprivation of his constitutional rights. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable § 1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

The "Department of Corrections" is not a "person" for purposes of a section 1983 civil rights action. Also, the State of Washington is not a proper party because it is well-established

1 that the Eleventh Amendment affords non-consenting states constitutional immunity from suit in
2 both federal and state courts.  *See, e.g., Alden v. Maine*, 527 U.S. 706, 748, 119 S.Ct. 2240, 144
3 L.Ed.2d 636 (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105
4 L.Ed.2d 45 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir.1996).  Accordingly,
5 Plaintiff may not sue the Department of Corrections or Washington State, but must name the
6 individuals who harmed him.

7       Assuming that Plaintiff amends his complaint to name a particular defendant or
8 defendants, he must also be able to allege facts sufficient to show that the particular defendant or
9 defendants caused or personally participated in causing the deprivation of a particular protected
10 constitutional right.  Plaintiff claims only that "twice my evidence has never gotten to the court"
11 and that he is under "constant harassment" because he is a whistle blower.

12 **B.**　**Access to Courts**

13       In *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), the United
14 States Supreme Court held that inmates possess a fundamental constitutional right of access to
15 courts in order to contest the fact, duration and conditions of their confinement.  *Id.* at 822-23.
16 In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court explained that the "Constitution does
17 not require that prisoners be able to conduct generalized research," but rather, "[t]he tools it
18 requires to be provided are those that the inmates need in order to attack their sentences, directly
19 or collaterally, and in order to challenge the conditions or their confinement."  *Id.* at 355, 360.
20 The Ninth Circuit has held that this right does not extend beyond the initial pleading phase.
21 *Cornett v. Donovan*, 51 F.3d 894 (9th Cir. 1995).  Further, this right does not require that prison
22 officials provide affirmative assistance, but rather forbids states from "erecting barriers that
23 impede the right of access of incarcerated persons."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102
24 (9th Cir. 2011) (citing *John L. v. Adams*, 969 F.2d 228 [6th Cir. 1992]).

In order to establish a violation of the right of access to courts, an inmate must show actual injury. Actual injury results from "some specific instances in which an inmate was actually denied access to the courts." *Sands v. Lewis,* 886 F.2d 1166, 1170-71 (9th Cir. 1989). Moreover, a prison regulation impinging on inmates' constitutional rights, even a right of access to the courts, is valid if it is reasonably related to legitimate penological interests. *See Lewis*, 518 U.S. at 353 (citing to *Turner v. Safley,* 482 U.S. 78, (1987).

Plaintiff claims only that "twice my evidence has never gotten to the court." He does not allege or identify any non-frivolous litigation in which he was engaged at the time. He also fails to allege that he suffered any actual injury, *i.e.*, missing a court imposed deadline, defaulting on his claims, or being prevented from seeking a continuance due to any action by a state actor. Plaintiff is given leave to amend his complaint to add allegations specific to this claim.

**C.   Retaliation**

When a prisoner alleges retaliation, he must prove five elements: (1) that he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct that gave rise to the adverse action is legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff must also show that the retaliation was the substantial or motivating factor behind the conduct of the prison official. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). The prisoner must also show his First Amendment rights were actually chilled by the retaliatory action. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

Plaintiff claims only that he is under "constant harassment" because he is a whistle blower. This is not sufficient to plead a § 1983 retaliation claim. Plaintiff is given leave to file an amended complaint to include factual allegations specific to this claim.

**D.      Prayer for Relief**

In addition to a pleading that states a short and plain statement of the claim showing that the pleader is entitled to relief, a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." *See* Fed.R.Civ.P. 8(a)(2) and 8(a)(3); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562–563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Plaintiff's civil rights complaint contains no demand for the relief he seeks in this action. He is granted leave to file an amended complaint to include his demand for relief.

**E.      Criminal Complaints**

Plaintiff also seeks to file two "Criminal Complaints," the first against Washington State Governor Jay Inslee for violation of "Public Law 93-579," and the second against "All Legislature/Judicial Entities" for violation of 18 U.S.C.A. 1961 RICO." Dkts. 5-1 and 5-2.

These complaints do not state a constitutional violation under 42 U.S.C. § 1983 for which relief may be granted by a federal district court. This court lacks authority to initiate criminal prosecutions. Only the appropriate prosecuting authorities may do so. Therefore, Plaintiff's criminal complaints are subject to dismissal.

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights;

1  and (5) what specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo v.*

2  *Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

3        Plaintiff shall present the amended complaint on the form provided by the Court.  The

4  amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original

5  and not a copy, it should contain the same case number, and it may not incorporate any part of

6  the original complaint by reference.  The Court will screen the amended complaint to determine

7  whether it contains factual allegations linking each defendant to the alleged violations of

8  Plaintiff's rights. The Court will not authorize service of the amended complaint on any

9  defendant who is not specifically linked to the violation of Plaintiff's rights.

10        If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned

11  that if the amended complaint is not timely filed or if he fails to adequately address the issues

12  raised herein on or before **July 1, 2015**, the Court will recommend dismissal of this action **as**

13  **frivolous** pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C.

14  § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three

15  or more civil actions or appeals which are dismissed on grounds they are legally frivolous,

16  malicious, or fail to state a claim, will be precluded from bringing any other civil action or

17  appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical

18  injury."  28 U.S.C. § 1915(g).   **The Clerk is directed to send Plaintiff the appropriate forms**

19  **for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further**

20  **directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff**.

21        **DATED** this 1st day of June, 2015.

22

23                                          Karen L. Strombom

24                                          United States Magistrate Judge